Barry S. Slevin, Esq.
Jeffrey S. Swyers, Esq.
Owen M. Rumelt, Esq.
SLEVIN & HART, P.C.
Attorneys for Plaintiffs
614 Hempstead Gardens Drive
West Hempstead, NY 11552
(516) 203-7570
      -and-
1625 Massachusetts Avenue N.W., Ste. 450
Washington D.C. 20036
(202) 797-8700
(202) 234-8231 (fax)
bslevin@slevinhart.com
jswyers@slevinhart.com
orumelt@slevinhart.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DIVISION 1181 AMALGAMATED TRANSIT
UNION – NEW YORK EMPLOYEES PENSION
FUND and its BOARD OF TRUSTEES,

                               Plaintiffs,

                v.

NEW YORK CITY DEPARTMENT OF EDUCATION,
JOFAZ TRANSPORTATION, INC., ALLIED TRANSIT
CORP., PRIDE TRANSPORTATION SERVICES, INC.,
and QUALITY TRANSPORTATION CORP.,

                               Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

Case No.

Plaintiffs, by counsel, hereby complain of Defendants, as follows:

**Introduction**

1.     This is a lawsuit by the Division 1181 A.T.U. - New York Employees Pension Fund (the "Pension Fund") and its Board of Trustees against the New York City Department of Education ("DOE") and Jofaz Transportation, Inc., Allied Transit Corp., Pride Transportation Services, Inc., and Quality Transportation Corp. (collectively, the "DOE Contractors"), brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C.

§§ 1001 *et seq.* (1982), and under state contract law. Count I seeks a judgment against all Defendants, awarding delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by the Pension Fund, a multiemployer defined benefit pension plan, pursuant to ERISA Sections 502 and 515, 29 U.S.C. §§ 1132 and 1145. Count II seeks as to DOE, a judgment against DOE for contributions due based on DOE's breach of its fiduciary duties under ERISA for its failure to comply with its attachment procedure obligations under the DOE Contracts as described below. Count III seeks a judgment against DOE for contributions, interest, liquidated damages and the Pension Fund's attorney's fees and costs based on DOE's breaches of fiduciary duties under ERISA for its failure to require the DOE Contractors to sign participation agreements with the Pension Fund as required under the DOE Contracts. Count IV seeks, as to the DOE Contractors, a judgment against the DOE Contractors for breach of contract under state contract law for contributions to the extent that the DOE Contractors are not liable under ERISA Sections 502 and 515. Count V seeks as against DOE, a judgment against DOE for breach of contract under state contract law for its failure to comply with its duties to the Pension Fund under the DOE Contracts. All five Counts seek injunctive relief and/or an order compelling the Defendants' specific performance requiring the respective Defendants' compliance with their duties under ERISA and/or state contract law.

### Jurisdiction and Venue

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (federal questions and commerce), and Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.      The Court has supplemental jurisdiction over Plaintiffs' state law breach of contract claims (Counts IV and V) pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) because it is the district where the Pension Fund is administered.

## Parties

5.      The Pension Fund is a multiemployer employee pension benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37), and a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act of 1948, 29 U.S.C. § 186(c).  The Pension Fund is administered in accordance with a Restated Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement").

6.      The Pension Fund is administered at 20 North Central Avenue, Valley Stream, New York 11580.

7.      Plaintiff Board of Trustees is a fiduciary of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Board of Trustees brings this action on behalf of the Pension Fund and its participants and beneficiaries pursuant to Sections 405, 409, and 502 of ERISA, 29 U.S.C. §§ 1105, 1109, and 1132 and under state law.

8.      Defendants are "employers" within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and "persons" as defined by Section 3(9) of ERISA, 29 U.S.C. § 1002(9).  Each Defendant is engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

9.      Upon information and belief, Defendant DOE is a municipal corporation with a principal place of business located at 52 Chambers Street, New York, New York.

10.     Upon information and belief, Defendant Jofaz Transportation, Inc. ("Jofaz") is a corporation organized under the laws of the State of New York with its principal place of business at 1 Coffey Street, Brooklyn, New York 11231.

11.     Upon information and belief, Defendant Allied Transit Corp. ("Allied") is a corporation organized under the laws of the State of New York with its principal place of business at 148 Snediker Avenue, Brooklyn, New York 11207.

12.     Upon information and belief, Defendant Pride Transportation Services, Inc. ("PTSI") is a corporation organized under the laws of the State of New York with its principal place of business at 231 Malta Street, Brooklyn, New York 11207.

13.     Upon information and belief, Defendant Quality Transportation Corp. ("QTC") is a corporation organized under the laws of the State of New York with its principal place of business at 6093 Strickland Avenue, Brooklyn, New York 11234.

## Background

14.     At all relevant times, the Pension Fund's participants were employees of companies, including the DOE Contractors, employed as drivers of school buses, attendants/escorts on school buses, and other related positions for education transport for New York City public and nonpublic schools.  The companies performed such work pursuant to contracts between the relevant company and DOE to provide such services (the "DOE Contracts").

15.     At all relevant times, the DOE Contracts with the Defendant DOE Contractors contained a section entitled Employee Protection Provisions ("EPPs").

**The EPPs**

16.     In 1979, the DOE issued solicitations for bids from for certain school bus routes that did not include provisions providing industry employees, among other things, parity with the wages and benefits of employees of the New York City Transit Authority and job security as prior contracts had provided.

17.     As a result, and out of concern with the threat of immediate loss of thousands of jobs and erosion of job security, the employees of the DOE school bus service contractors at the time, who were represented by Amalgamated Transit Union Locals 1181 and 1061 (the "Union"), began a wildcat strike on or about February 15, 1979.

18.     The strike continued for about three months before being resolved by a written agreement among the DOE, the Union, and the DOE bus service contracting employers at the time negotiated before the Honorable Milton Mollen, then the presiding Justice of the Appellate Division, Second Department, subsequently known as the "Mollen Agreement."

19.     The Mollen Agreement set forth the EPPs, contractual provisions negotiated between the DOE, the DOE contracting employers at the time, and the Union, to provide the employees of the contractors doing business with the DOE certain agreed-upon wage and benefit and job protections, which the DOE agreed to include in all of its school bus transportation contracts.

20.     Although the Mollen Agreement expired in 1982, for more than 33 years the DOE adhered to and affirmed the Mollen Agreement by placing the EPPs in its contracts with DOE contractors, including contracts with Defendant DOE Contractors.

21.     The EPPs were collectively bargained by the Union on behalf of its members and therefore constitute a "collectively bargained agreement" within the meaning of ERISA Section 515, 29 U.S.C. § 1145.

22.     By entering into DOE Contracts containing the EPPs, Defendant DOE Contractors became parties to that collectively bargained agreement.

23.     The EPPs in the DOE Contracts with each of the Defendant DOE Contractors obligate the DOE Contractors to participate in the Pension Fund on behalf of certain employees and obligate the DOE Contractors and the DOE to contribute to the Pension Fund on behalf of certain employees at specified weekly dollar rates ("Contributions") for work performed under the DOE Contracts.

24.     Under the EPPs, Contributions must be paid to the Pension Fund within seven days after the end of each payroll period.

25.     The EPPs in the DOE Contracts with each of the Defendant DOE Contractors provide that the "Contractor shall sign an agreement with Division 1181 A.T.U.–New York Employees Pension Fund and Plan to participate in such plan on behalf of all operators (drivers), mechanics, dispatchers and escorts (matrons-attendants), in the event the Contractor employs escorts, who appear on the Master Seniority Lists and who participated in the Fund and Plan."

26.     The EPPs in the DOE Contracts with each of the Defendant DOE Contractors obligate the DOE to require each DOE Contractor to sign an agreement with the Pension Fund to participate in the Pension Fund and Plan ("Participation Agreement") on behalf of employees whose names appear on the DOE's Master Seniority Lists who were participants in the Pension Fund if the Contractor employs any such employees.  The DOE must require the Contractor to

sign such an agreement prior to the commencement of work under the DOE Contracts by the Contractor.

27.     The EPPs expressly mandate that the DOE Contractors employing a worker who previously participated in the Pension Fund participate as an employer in the Pension Fund by signing a Participation Agreement with the Pension Fund, by making specified contributions to the Pension Fund and plan and by withholding employee contributions at the minimum rate specified in the DOE Contract or such greater amount as may be required based on contributions of a majority of the operators (drivers), mechanics or dispatchers contributing to the Pension Fund.

28.     Under the EPPs, the DOE Contractors are required to maintain the prior level of wages and benefits and contribute to the Pension Fund on behalf of employees who were listed on the DOE's Master Seniority List and participate in the Pension Fund.

29.     Under the EPPs, the DOE Contractors are required to file a copy of an executed Participation Agreement with the Director of the Office of Pupil Transportation of the DOE as a precondition to commencing performance of any work under a DOE Contract.

30.     Commencing on or about January 2, 2014, the DOE Contractors employed employees who are participants in the Pension Fund and whose names appeared on the DOE's Master Seniority Lists.

31.     The DOE Contractors commenced performance of work under the DOE Contracts on January 2, 2014.

32.     The DOE Contractors commenced this work without having filed a copy of an executed Participation Agreement with the Director of the Office of Pupil Transportation of the DOE.

33.     The EPPs obligate DOE to terminate the DOE Contract of any DOE Contractor employing participants of the Pension Fund that willfully fails to comply with the obligations under the EPPs, including the obligations to sign a Participation Agreement and pay Contributions.

34.     The EPPs require the DOE Contractors to certify annually that all Contributions to the Pension Fund have been made and audited and that there are no outstanding balances of Contributions due to the Pension Fund.

35.     The EPPs include a provision known as the "Attachment Procedure Obligation," which provides:

> if the contractor is found to be in violation of the foregoing employee protection provisions regarding the payment of wages, welfare benefit contributions, pension contributions, or other aspects of compensation or benefits, then the Director of the Office of Pupil Transportation, within thirty (30) days of written notice, shall withhold the appropriate amounts from any payments due to the contractor and pay them directly to the applicable union for the benefit of the employees affected, to the Division 1181 A.T.U. – New York Employees Pension Fund or other applicable union pension fund for the benefit of the employees affected or to the appropriate Welfare Fund for the benefit of the employees affected.

36.     Under the Attachment Procedure Obligation, when the Union or the Pension Fund notifies the DOE that Contributions to the Pension Fund are due, the DOE must pay the Contributions directly to the Pension Fund or to the Union on behalf of the Pension Fund by deducting the amount from the DOE's next Contract payment otherwise due to the DOE Contractor.

37.     The Pension Fund is an intended and expressly-named third-party beneficiary of the collectively-bargained EPPs incorporated in the DOE Contracts and extensions thereof.

**Participation Agreement**

38.     When the Pension Fund learned of the work being performed, on February 3, 2014, the Pension Fund sent each DOE Contractor a Participation Agreement for execution.

39.     In addition to the obligation to participate in and contribute to the Pension Fund contained in the EPPs themselves, the Participation Agreements provided that the DOE Contractors agree to and would be bound by the Pension Fund's Trust Agreement and any rules or regulations adopted by the Pension Fund's Trustees in administering the Pension Fund, and make Contributions accordingly and that if Contributions were delinquent the DOE Contractor would be liable for the delinquent Contributions as well as interest and liquidated damages thereon and the Pension Fund's attorneys' fees and costs spent in collecting these amounts.  The Participation Agreement also provided for, in addition to the language in the EPPs themselves, that if delinquent, the Contributions due would be attached under the DOE Attachment Procedure Obligation.

40.     The DOE Contractors each refused and continue to refuse to sign Participation Agreements.

41.     The Pension Fund notified the DOE of the DOE Contractors' refusal to sign the Participation Agreements as well as the DOE Contractor's refusal to pay the Contributions due and the DOE has refused to require the DOE Contractors to sign the Participation Agreements as required under the EPPs and has also refused to require the DOE Contractors to pay the Contributions due under the EPPs.

42.     The Trustees have adopted rules set forth in a Policy for Collection of Delinquent Contributions ("Delinquency Policy").  The Trust Agreement and the Delinquency Policy grant the Trustees the rights, *inter alia*, to require a delinquent employer to pay interest and liquidated

damages on the delinquent contributions, as well as the Pension Fund's attorneys' fees and costs in determining and/or collecting those delinquent contributions.

43.     The Pension Fund's contractual right to contributions, interest, liquidated damages, attorneys' fees and costs, as well as the Attachment Procedure Obligation, under the Participation Agreements, the Trust Agreement and Delinquency Policy is an asset of the Pension Fund within the meaning of that term as it is used in ERISA Section 3(21), 29 U.S.C. § 1002(21) over which DOE exercised authority and control by failing to require the DOE Contractors to sign Participation Agreements pursuant to the EPPs.

44.     The Participation Agreements, if signed as required by DOE in the EPPS, would have established an independently enforceable right for the Pension Fund to recover Contributions and interest, liquidated damages, and attorneys' fees and costs on any delinquent contributions as well as independently enforceable Attachment Procedure Rights on a breach of contract claim against the DOE Contractors under state law for the purpose of collecting unpaid contributions due under the EPPs, in the event that the contributions are not collectible under ERISA Sections 502 and 515, 29 U.S.C. §§ 1132 and 1145.

## Unpaid Contributions and Attachment Requests

45.     Each of the DOE Contractors failed to pay any of the Contributions required under the EPPs for the months of January through November, 2014.

46.     On March 31, 2014, the Pension Fund submitted an attachment request to DOE for delinquent employer Contributions owed to the Pension Fund for the employees of the DOE Contractors who are participants in the Pension Fund and whose names appeared on the Master Seniority Lists pursuant to the EPPs and the Attachment Procedure Obligation contained therein, in the following amounts:

| DOE Contractor | Contribution Period | Total Due |
|---|---|---|
| Allied | 02/14 – 03/14 | $13,031.20 |
| Jofaz | 01/14 – 03/14 | $65,271.20 |
| PTSI | 01/14 – 03/14 | $50,792.00 |
| QTC | 01/14 – 04/14 | $128,732.80 |

47.     On April 30, 2014, the Pension Fund submitted an attachment request to DOE for delinquent employee Contributions for the prior period of January through March 2014, and delinquent employer and employee Contributions for April 2014, in the following amounts:

| DOE Contractor | Contribution Period | Total Due |
|---|---|---|
| Allied | 02/14 – 04/14 | $15,284.80 |
| Jofaz | 01/14 – 04/14 | $58,173.80 |
| PTSI | 01/14 – 04/14 | $43,675.00 |
| QTC | 01/14 – 04/14 | $121,288.40 |

48.     On May 30, 2014, the Pension Fund submitted an attachment request to DOE for delinquent employer and employee Contributions for May 2014, in the following amounts:

| DOE Contractor | Contribution Period | Total Due |
|---|---|---|
| Allied | 05/14 | $11,326.40 |
| Jofaz | 05/14 | $32,528.40 |
| PTSI | 05/14 | $25,030.00 |
| QTC | 05/14 | $68,671.20 |

49.     On July 1, 2014, the Pension Fund submitted an attachment request to DOE for delinquent employer and employee Contributions owed to the Pension Fund for employees of the DOE Contractors pursuant to the EPPs for the month of June 2014, in the following amounts:

| DOE Contractor | Contribution Period | Total Due |
|---|---|---|
| Allied | 06/14 | $14,158.00 |
| Jofaz | 06/14 | $40,660.50 |
| PTSI | 06/14 | $31,287.50 |
| QTC | 06/14 | $85,839.00 |

50.     On August 1, 2014, the Pension Fund submitted an attachment request to DOE for delinquent employer and employee Contributions for July 2014, in the following amounts:

| DOE Contractor | Contribution Period | Total Due |
|---|---|---|
| Allied | 07/14 | $2,831.60 |
| Jofaz | 07/14 | $8,132.10 |
| PTSI | 07/14 | $6,257.50 |
| QTC | 07/14 | $17,167.80 |

51.     On October 1, 2014, the Pension Fund submitted an attachment request to DOE for delinquent employer and employee Contributions for September 2014, in the following amounts:

| DOE Contractor | Contribution Period | Total Due |
|---|---|---|
| Allied | 09/14 | $5,663.20 |
| Jofaz | 09/14 | $16,264.20 |
| PTSI | 09/14 | $12,515.00 |
| QTC | 09/14 | $34,335.60 |

52.     On November 1, 2014, the Pension Fund submitted an attachment request to DOE for delinquent employer and employee Contributions for October 2014, in the following amounts:

| DOE Contractor | Contribution Period | Total Due |
|----------------|--------------------|-----------| 
| Allied | 10/14 | $14,158.00 |
| Jofaz | 10/14 | $40,660.50 |
| PTSI | 10/14 | $31,287.50 |
| QTC | 10/14 | $85,839.00 |

53.    On December 1, 2014, the Pension Fund submitted an attachment request to DOE for delinquent employer and employee Contributions for November 2014, in the following amounts:

| DOE Contractor | Contribution Period | Total Due |
|----------------|--------------------|-----------| 
| Allied | 11/14 | $11,326.40 |
| Jofaz | 11/14 | $32,528.40 |
| PTSI | 11/14 | $25,030.00 |
| QTC | 11/14 | $68,671.20 |

54.    DOE and the DOE Contractors have failed to pay the Pension Fund any of the aforementioned Contributions due under the DOE Contracts.

55.    DOE refused to comply with the Pension Fund's aforementioned attachment requests.

**COUNT I**
**Violations of ERISA Section 515 (29 U.S.C. § 1145)**
**for Delinquent Contributions Against All Defendants**

56.    Plaintiffs incorporate all other Paragraphs of this Complaint as if stated herein.

57.    Each Defendant DOE Contractor is an "employer" within the meaning of ERISA Section 515, 29 U.S.C. § 1145.

58.     Defendant DOE is an "employer" within the meaning of ERISA Section 515, 29 U.S.C. § 1145.

59.     The EPPs are a collectively bargained agreement within the meaning of ERISA Section 515, 29 U.S.C. § 1145.

60.     The EPPs in each of the DOE Contractors' DOE Contracts obligate the DOE Contractors to make Contributions to the Pension Fund.

61.     The EPPs in each of the DOE Contractors' DOE Contracts obligate the DOE to make Contributions to the Pension Fund pursuant to the Attachment Procedure Obligation.

62.     The Pension Fund is an intended and expressly-named third-party beneficiary of the EPPs, and the DOE Contracts and written extensions thereof.

63.     Defendant Allied has failed to pay $87,779.60 in total Contributions owed to the Pension Fund for the period of  January 2014 to November 2014 pursuant to the EPPs, in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

64.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant Allied is liable to the Pension Fund for delinquent Contributions in the amount of at least $87,779.60, plus interest, the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's attorneys' fees and costs incurred in the collection of the delinquent Contributions.

65.     Defendant Jofaz has failed to pay $294,219.10 in total Contributions owed to the Pension Fund for the period of January 2014 to November 2014 pursuant to the EPPs, in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

66.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant Jofaz is liable to the Pension Fund for delinquent Contributions in the amount of at least $294,219.10, plus interest, the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's attorneys' fees and costs incurred in the collection of the delinquent Contributions.

67.     Defendant PTSI has failed to pay $225,874.50 in total Contributions owed to the Pension Fund for the period of January 2014 to November 2014 pursuant to the EPPs, in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

68.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant PTSI is liable to the Pension Fund for delinquent Contributions in the amount of at least $225,874.50, plus interest, the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's attorneys' fees and costs incurred in the collection of the delinquent Contributions.

69.     Defendant QTC has failed to pay $610,545.00 in total Contributions owed to the Pension Fund for the period of January 2014 to November 2014 pursuant to the EPPs, in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

70.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant QTC is liable to the Pension Fund for delinquent Contributions in the amount of at least $610,545.00, plus interest, the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the

Pension Fund's attorneys' fees and costs incurred in the collection of the delinquent Contributions.

71.     Defendant DOE has failed to pay $1,218,418.20 in total Contributions owed to the Pension Fund for the period of January 2014 to November 2014 pursuant to the EPPs, in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

72.     Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant DOE is liable to the Pension Fund for all of the delinquent Contributions attached pursuant to the Attachment Procedure Obligation, in the total amount of at least $1,218,418.20, plus interest, the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's attorneys' fees and costs incurred in the collection of the delinquent Contributions.

73.     In addition, DOE and the DOE Contractors are liable under the EPPs for any Contributions that become delinquent or are discovered while this action is pending.

74.     Furthermore, under ERISA Section 502(g)(2)(E), Defendants' violations of 29 U.S.C. § 1145 entitle the Pension Fund to appropriate equitable relief in the form of an injunction requiring Defendants' compliance with their obligation to pay to the Pension Fund any and all future Contributions that become due and owing in the future pursuant to the EPPs.

WHEREFORE, Plaintiffs request the following relief:

A.     A judgment against Defendant Allied and on behalf of the Pension Fund in the amount of at least $87,779.60 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions; and

B.      A judgment against Defendant Jofaz and on behalf of the Pension Fund in the amount of at least $294,219.10 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's reasonable attorneys' fees and costs in collecting these amounts; and

C.      A judgment against Defendant PTSI and on behalf of the Pension Fund in the amount of at least $225,874.50 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's reasonable attorneys' fees and costs in collecting these amounts; and

D.      A judgment against Defendant QTC and on behalf of the Pension Fund in the amount of at least $610,545.00 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's reasonable attorneys' fees and costs in collecting these amounts; and

E.      A judgment against Defendant DOE and on behalf of the Pension Fund in the amount of at least $1,218,418.20 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent

Contributions, and the Pension Fund's reasonable attorneys' fees and costs in collecting these amounts; and

F.      An injunction requiring Defendants' compliance with their obligation to pay to the Pension Fund all future Contributions that become due and owing pursuant to the EPPs; and

H.      The grant of such other and further relief as the Court deems proper and just.

**COUNT II**
**Violations of ERISA Sections 403, 404, 405, and 406 (29 U.S.C. §§ 1103, 1104, 1105, 1106) for Breach Of Fiduciary Duties by DOE Regarding the Attachment Procedure Obligation**

75.      Plaintiffs incorporate all other Paragraphs of this complaint as if stated herein.

76.      The DOE is liable for breach of fiduciary duty for failure to comply with the Attachment Procedure Obligation.

77.      ERISA provides that "a person is a fiduciary with respect to a plan to the extent that (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . ." 29 U.S.C. § 1002(21)(A).

78.      Money attached by the Pension Fund under the Attachment Procedure Obligation in the EPPs is an asset of the Pension Fund within the meaning of ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A).

79.      DOE is an ERISA fiduciary with respect to its exercises of authority and control over the Attachment Procedure Obligations arising upon an attachment request by the Pension Fund to DOE and over the disposition of payments under the DOE Contracts with unpaid attachment requests outstanding.

80.     DOE exercised authority and control by refusing to comply with the Pension Fund's attachment requests and instead releasing the attached money subject to the Attachment Procedure Obligation to the DOE Contractors.

81.     DOE's refusal to comply with its Attachment Procedure Obligation under the EPPs constitutes an exercise of discretionary authority and control respecting the disposition of Pension Fund assets.

82.     By its discretionary action and omission of refusing to and failing to release the Contribution amounts under attachment to the Pension Fund, and by its discretionary action of instead releasing those monies to the DOE Contractors, the DOE failed to act "solely in the interest of the participants and beneficiaries," which constitutes a breach of its fiduciary duty under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1).

83.     By its discretionary action and omission of refusing to and failing to release the Contribution amounts under attachment to the Pension Fund, and by its discretionary action of instead releasing those monies to the DOE Contractors, the DOE failed to act for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the plan, in violation of its fiduciary duty set forth in ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

84.     By its discretionary action and omission of refusing to and failing to release the Contribution amounts under attachment to the Pension Fund, and by its discretionary action of instead releasing those monies to the DOE Contractors, the DOE allowed plan assets to inure to the benefit of an employer in violation of ERISA Section 403(c)(1), 29 U.S.C. § 1103(c)(1), and in violation of its fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. §§ 1104(a)(1)(A) and 1104 (a)(1)(D).

85.     DOE and the DOE Contractors are each a "party in interest" as defined by ERISA Sections 3(14)(A), (C), and (H), 29 U.S.C. § 1002(14)(A), (C), and (H).

86.     By its discretionary action and omission of refusing to and failing to release the Contribution amounts under attachment to the Pension Fund, and by its discretionary action of instead releasing those monies to the DOE Contractors, the DOE used Pension Fund assets in a transaction with a "party in interest" and transferred Pension Fund assets for use by and for the benefit of a "party in interest," which transactions are prohibited by ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), thus violating its fiduciary duties under ERISA Section 404(a)(1), 404(a)(1)(A), (B), and (D), 29 U.S.C. § 1104(a)(1), 1104(a)(1)(A), (B), and (D).

87.     By its discretionary action and omission of refusing to and failing to release the Contribution amounts under attachment to the Pension Fund, and by its discretionary action of instead releasing those monies to the DOE Contractors, the DOE dealt with Pension Fund assets in its own interest or for its own account in violation of ERISA Section 406(b)(1), 29 U.S.C. § 1106(b)(1), thus violating its fiduciary duties under ERISA Section 404(a)(1), 404(a)(1)(A), (B), and (D), 29 U.S.C. § 1104(a)(1), 1104(a)(1)(A), (B), and (D).

88.     Pursuant to ERISA Section 409, 29 U.S.C. § 1109, a fiduciary "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . ."

89.     As a result of these fiduciary breaches by the DOE, the Pension Fund has suffered losses in the amount of the money that DOE improperly released to the DOE Contractors in the amount of at least $1,218,418.20.

90.     Accordingly, the DOE is liable to the Pension Fund in the amount of at least $1,218,418.20 as a result of each of the above fiduciary breaches.

91.     ERISA Section 502(a)(3), 29 U.S.C**.** § 1132(a)(3), permits a plan fiduciary to bring an action "to enjoin any act or practice which violated any provision of this title . . ." and "to obtain other appropriate equitable relief (i) to redress such violations or (ii) enforce any provisions of this title . . . ." and ERISA Section 409(a), 29 U.S.C. § 1109(a), provides that "a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title … shall be subject to such other equitable or remedial relief as the court may deem appropriate[.]"

92.     Defendant DOE's breaches of its fiduciary duties based on its exercise of discretionary authority and control over the Attachment Procedure Obligation constitute violations of the fiduciary duties under Sections 403, 404, 405, and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, 1105, and 1106, entitling Plaintiffs to equitable relief in the form of an injunction enjoining the DOE from failing to abide by its fiduciary duties under the Attachment Procedure Obligation and compelling the DOE to abide by the Attachment Procedure Obligation in the future.

WHEREFORE, Plaintiffs request the following relief:

A.     A judgment against Defendant DOE and on behalf of the Pension Fund in the amount of at least $1,218,418.20 for the Pension Fund's losses resulting from DOE's breaches, pursuant to ERISA Section 409, 29 U.S.C. § 1109; and the Pension Fund's reasonable attorneys' fees in remedying this breach pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1); and

B.      An order enjoining the DOE from failing to comply with the Attachment

Procedure Obligation; and

C.      The grant of such other and further relief as the Court deems proper and just.

**COUNT III**
**Violations of ERISA Sections 403, 404, 405, and 406 (29 U.S.C. §§ 1103, 1104, 1105, 1106)**
**for Breach Of Fiduciary Duties by DOE Regarding Participation Agreements**

93.     Plaintiffs incorporate all other Paragraphs in this complaint as if stated herein.

94.     The DOE is liable for the unpaid Contributions, interest on the unpaid

Contributions, the greater of liquidated damages equal to twenty percent or a second calculation

of accrued interest on the unpaid Contributions and the Pension Fund's attorneys' fees and costs

based on DOE's breach of fiduciary duty for failing to require that the DOE Contractors sign

Participation Agreements with the Pension Fund pursuant to the EPPs in the DOE Contracts of

each DOE Contractor.

95.     ERISA Section 3(21)(A) provides that "a person is a fiduciary with respect to a

plan to the extent that (i) he exercises any discretionary authority or discretionary control

respecting management of such plan or exercises any authority or control respecting

management or disposition of its assets, . . ." 29 U.S.C. § 1002(21)(A).

96.     The EPPs obligate the DOE to require that the DOE Contractors sign Participation

Agreements prior to commencing work.

97.     To the extent that the DOE Contractors are not liable for the unpaid Contributions

under ERISA, executed Participation Agreements would have entitled the Pension Fund to

recover the Contributions, interest, the greater of liquidated damages equal to twenty percent of

the delinquent Contributions or a second calculation of accrued interest on the delinquent

Contributions, and the Pension Fund's attorneys' fees and costs incurred in the collection of the

delinquent Contributions, as well as the enforcement of Attachment Procedure Obligations for those delinquent Contributions in a state breach of contract action against the DOE Contractors.

98.     This contractual entitlement to recover from the DOE Contractors Contributions plus interest, liquidated damages, and attorneys' fees and costs on any delinquency as well as additional Attachment Procedure Obligation rights under state contract law based on a signed Participation Agreement is an asset of the Pension Fund within the meaning of ERISA Section 3(21), 29 U.S.C. § 1002(21)(A).

99.     DOE's refusal to comply with its duty under the EPPs to require the DOE Contractors to sign Participation Agreements constitutes an exercise of discretionary authority and control over this asset of the Pension Fund.

100.    By failing to comply with its duty under the EPPs to require the DOE Contractors to sign Participation Agreements prior to commencing work under the DOE Contracts, DOE has breached, and continues to breach, its fiduciary duty to ensure that assets of the Pension Fund are held and administered for the sole and exclusive benefit of plan participants or defraying reasonable expenses of administering the plan, in violation of Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1).

101.    By its discretionary action and omission of refusing to and failing to require the DOE Contractors to sign Participation Agreements, and by its discretionary action of instead permitting the DOE Contractors to continue work under the DOE Contracts, the DOE failed to act "solely in the interest of the participants and beneficiaries," which constitutes a breach of its fiduciary duty under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1).

102.    By its discretionary action and omission of refusing to and failing to require the DOE Contractors to sign Participation Agreements, and by its discretionary action of instead

permitting the DOE Contractors to continue work under the DOE Contracts, the DOE failed to act for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the plan, in violation of its fiduciary duty set forth in ERISA Section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

103.    By its discretionary action and omission of refusing to and failing to require the DOE Contractors to sign Participation Agreements, and by its discretionary action of instead permitting the DOE Contractors to continue work under the DOE Contracts, the DOE allowed Pension Fund assets to inure to the benefit of an employer in violation of ERISA Section 403(c)(1), 29 U.S.C. § 1103(c)(1), and in violation of its fiduciary duties under 29 U.S.C. §§ 1104(a)(1), 1104(a)(1)(A) and (D).

104.    By its discretionary action and omission of refusing to and failing to require the DOE Contractors to sign Participation Agreements, and by its discretionary action of instead permitting the DOE Contractors to continue work under the DOE Contracts, the DOE failed to act with the requisite care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity would use, in violation of its fiduciary duty under ERISA Section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

105.    DOE's breach of its fiduciary duties caused a loss to the Pension Fund in the amount of the unpaid Contributions, interest, liquidated damages, and attorneys' fees and costs on the unpaid Contributions specified herein, and DOE thus is liable to the Pension Fund for these amounts pursuant to Section 409 of ERISA, 29 U.S.C. § 1109.

106.    ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan fiduciary to bring an action "to enjoin any act or practice which violated any provision of this title . . ." and "to obtain other appropriate equitable relief (i) to redress such violations or (ii) enforce any

provisions of this title . . . ." and ERISA Section 409(a), 29 U.S.C. § 1109(a), provides that "a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title … shall be subject to such other equitable or remedial relief as the court may deem appropriate[.]"

107.     Defendant DOE's breaches of its fiduciary duties based on its exercise of discretionary authority and control over the required execution of Participation Agreements by the DOE Contractors constitute violations of the fiduciary duties under Sections 404, 405, and 406 of ERISA, 29 U.S.C. §§ 1104, 1105, and 1106, entitling Plaintiffs to equitable relief in the form of an injunction requiring DOE to enforce the DOE Contractors' obligations under the EPPs regarding Participation Agreements in the future.

WHEREFORE, Plaintiffs request the following relief:

A.     A judgment against Defendant DOE and on behalf of the Pension Fund in the amount of at least $1,218,418.20 in unpaid Contributions,  accrued   interest   on the unpaid Contributions pursuant to ERISA Section 409, 29 U.S.C. § 1109, the greater of liquidated damages of twenty percent of the unpaid Contributions or a second calculation of accrued interest on the unpaid Contributions, pursuant to ERISA Section 409, 29 U.S.C. § 1109, and the Pension Fund's reasonable attorneys' fees in remedying this breach pursuant to ERISA Section 409, 29 U.S.C. § 1109; and

B.     An order enjoining Defendant DOE from failing to comply with its duty to require that the DOE Contractors sign Participation Agreements with the Pension Fund; and

C.     The grant of such other and further relief as the Court deems proper and just.

## COUNT IV:
## Breach of Contract by the DOE Contractors Regarding Unpaid Contributions

108.    Plaintiffs incorporate all other paragraphs in this complaint as if stated herein.

109.    In the alternative to Count I as to the DOE Contractors, the DOE Contractors are liable for the Contributions under state contract law.

110.    The Pension Fund is an expressly-named and intended third-party beneficiary of the DOE Contracts containing the EPPs and, as such, is entitled to enforce the signatory parties' obligations thereunder.

111.    The EPPs obligate the DOE Contractors to remit Contributions to the Pension Fund within seven days after the end of each payroll period at the rates specified in the EPPs for each employee whose name appeared on the Master Seniority Lists and who participates in the Pension Fund.

112.    The DOE Contractors employed and continue to employ employees who are Pension Fund participants and whose names appeared on the Master Seniority Lists, but each DOE Contractor refused to remit any Contributions to the Pension Fund.

113.    By failing to remit said Contributions to the Pension Fund, the DOE Contractors breached their contractual obligations under the EPPs in their respective DOE Contracts to remit Contributions to the Pension Fund and are in breach of contract.

114.    The DOE Contractors' breaches of contract make them liable to the Pension Fund for the resulting losses to the Pension Fund.

115.    The DOE Contractors' breaches of the EPPs in their respective DOE Contracts caused the Pension Fund to sustain losses in the amount of the unpaid Contributions to date, and the Pension Fund will sustain additional losses as further Contributions become due under the EPPs for subsequent work performed by the covered employees of the DOE Contractors.

116.    Accordingly, each DOE Contractor is liable to the Fund for its respective unpaid Contributions to the Pension Fund, as set forth above, and all Contributions that become due pursuant to the EPPs while this action is pending.

117.    The Pension Fund is entitled to an injunction compelling specific performance of the DOE Contractors' respective duties to sign Participation Agreements pursuant to the EPPs and to pay Contributions to the Pension Fund as required by the EPPs as such Contributions become due and owing based on future work under the DOE Contracts.

WHEREFORE, Plaintiffs request the following relief:

A.    A judgment against Defendant Allied and on behalf of the Pension Fund in the amount of at least $87,779.60 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions; and

B.    A judgment against Defendant Jofaz and on behalf of the Pension Fund in the amount of at least $294,219.10 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's reasonable attorneys' fees and costs in collecting these amounts; and

C.    A judgment against Defendant PTSI and on behalf of the Pension Fund in the amount of at least $225,874.50 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent

Contributions, and the Pension Fund's reasonable attorneys' fees and costs in collecting these amounts; and

D.     A judgment against Defendant QTC and on behalf of the Pension Fund in the amount of at least $610,545.00 in delinquent Contributions, plus interest and the greater of liquidated damages equal to twenty percent of the delinquent Contributions or a second calculation of accrued interest on the delinquent Contributions, and the Pension Fund's reasonable attorneys' fees and costs in collecting these amounts; and

E.     An injunction requiring the DOE Contractors to comply with their obligations to sign Participation Agreements and to pay to the Pension Fund all future Contributions that become due and owing pursuant to the EPPs; and

H.     The grant of such other and further relief as the Court deems proper and just.

**COUNT V**
**Breach of Contract by the DOE**

118.   Plaintiffs incorporate all other Paragraphs in this complaint as if stated herein.

119.   To the extent that the DOE is not liable for Contributions under ERISA Section 515, 29 U.S.C. § 1145 and to the extent that the DOE is not liable for breaches of fiduciary duties under Sections 403, 404, 405, and 406 of ERISA, 29 U.S.C. §§ 1103, 1104, 1105, and 1106, the DOE is liable for the unpaid Contributions under state contract law based on DOE's failure to comply with its contractual duty with respect to the Attachment Procedure Obligation of the EPPs and DOE is also liable for the interest on the unpaid Contributions, the greater of liquidated damages equal to twenty percent or a second calculation of accrued interest on the unpaid Contributions, and the Pension Fund's attorneys' fees and costs, based on DOE's failure to comply with its contractual duty to require that each DOE Contractor sign a Participation

Agreement with the Pension Fund pursuant to the EPPs in the DOE Contracts of each DOE Contractor.

120.    The Pension Fund is an expressly-named and intended third-party beneficiary of the DOE Contracts containing the EPPs and, as such, is entitled to enforce the signatory parties' obligations thereunder.

121.    The EPPs in the DOE Contracts obligate the DOE to require each DOE Contractor to sign a Participation Agreement with the Pension Fund in the event the Contractor Pension Fund.

122.    Signing the Participation Agreements would have obligated the DOE Contractors to pay Contributions, plus additional amounts to the Fund in an action brought against the DOE Contractors by the Pension Fund to collect delinquent Contributions -- specifically interest on the unpaid Contributions, the greater of liquidated damages equal to twenty percent of the unpaid Contributions or a second calculation of the accrued interest on the unpaid Contributions, and the attorneys' fees and costs incurred by the Pension Fund to recover the Contributions due and owing under the EPPs.

123.    The DOE Contractors refused to sign Participation Agreements despite performing work under their respective DOE Contracts and employing Pension Fund participants whose names appeared on the Master Seniority Lists.

124.    The Pension Fund is entitled to an injunction requiring Defendant DOE to perform its specific obligations under the EPPs in the DOE Contracts to require that the DOE Contractors sign Participation Agreements with the Pension Fund.

125.    The DOE breached its contractual obligations in the DOE Contracts of each of the DOE Contractors by its ongoing refusal to require that the DOE Contractors sign Participation

Agreements despite the DOE Contractors' commencement and continued performance of services under their respective DOE Contracts.

126.    The DOE's aforementioned breach caused the Pension Fund to sustain damages by possibly preventing the Pension Fund from collecting contributions, interest, liquidated damages, attorneys' fees and costs associated with the DOE Contractors' unpaid Contributions.

127.    The DOE's breaches of its contractual duty to require the DOE Contractors to execute Participation Agreements caused the Pension Fund to sustain monetary losses equal to the contributions, interest, liquidated damages, attorneys' fees and costs to which the Pension Fund would have been entitled to recover from the DOE Contractors in an action to collect unpaid Contributions had DOE complied with its duty to require the DOE Contractors to sign Participation Agreements.

128.    The EPPs in the DOE Contracts require DOE to withhold funds from payments to the DOE Contractors and pay those amounts directly to the Pension Fund as requested pursuant to the Attachment Procedure Obligation.

129.    The DOE has breached its Attachment Procedure Obligation and is in breach of contract.

130.    DOE's breach of the Attachment Procedure Obligation under the DOE Contractors' respective DOE Contracts caused the Pension Fund to sustain losses in the total amount of the unpaid Contributions to date, and the Pension Fund will continue to sustain such losses as further Contributions become due under the EPPs for subsequent work performed by the DOE Contractors.

131.    Accordingly, DOE is liable to the Pension Fund for the unpaid Contributions of at least $1,218,418.20, plus interest, liquidated damages and attorneys' fees and costs, and the

Pension Fund is entitled to equitable relief including specific performance of the EPPs in the DOE Contracts and to injunctive relief prospectively enjoining Defendants' failure to pay future Contributions that accrue to the Pension Fund, and/or Contributions which the Pension Fund attached pursuant to the Attachment Procedure Obligation.

132.    The EPPs obligate the DOE to discontinue the DOE Contract of any DOE Contractor who willfully fails to comply with any requirements under the EPPs.

133.    The DOE Contractors have willfully failed to comply with their obligation under the EPPs to sign a Participation Agreement or CBA and to remit monthly Contributions to the Pension Fund at the minimum rates specified in the EPPs.

134.    Despite DOE's knowledge of this willful noncompliance, DOE has not discontinued the DOE Contracts of the DOE Contractors and is in breach of contract.

135.    The DOE's breach of its duty to discontinue the DOE Contractors' DOE Contracts and reassign their DOE Contracts to a bus contractor willing to comply with the EPPs has caused the Pension Fund to sustain losses equal to the unpaid Contributions, interest, liquidated damages, and attorneys' fees and costs, for which the DOE is liable to the Pension Fund.

136.    The Pension Fund is entitled to an injunction compelling DOE's prospective compliance with its contractual duty to require that the DOE Contractors execute Participation Agreements with the Pension Fund or otherwise compelling the DOE to terminate the DOE Contractors and replace them with contractors that agree to comply with their duties under the EPPs.

137.    On or about June 26, 2014, the Pension Fund served a timely Verified Notice of Claim on DOE and its governing body, the Board of Education of the City of New York, setting

forth the nature of the claims stated herein and the time when, the place where, and the manner in which these claims arose, all in accordance with New York Education Law § 3813.

138.    More than thirty days have elapsed since the aforementioned notice to DOE, and DOE has failed to take any corrective action or make any adjustment or payment on the amounts claimed.

WHEREFORE, Plaintiffs request the following relief:

A.    A judgment against Defendant DOE and on behalf of the Pension Fund for compensatory damages in the amount of at least $1,218,418.20 representing the unpaid Contributions, plus interest on the Contributions from the dates they became due and owing until paid, the greater of liquidated damages equal to twenty percent of the Contributions or a second calculation of interest on the unpaid Contributions, and the Pension Fund's attorneys' fees and costs; and

B.    A judgment against Defendant DOE and on behalf of the Pension Fund for additional damages in the amount of unpaid Contributions that become due and owing under the EPPs during the pendency of this action or which become ascertainable based on the Pension Fund's review of the Defendants' employment records; and

C.    A judgment against Defendant DOE and on behalf of the Pension Fund for pre- and post-judgment interest on all damages to the fullest extent permitted by law; and

D.    A judgment against Defendant DOE and on behalf of the Pension Fund for punitive damages in an amount to be determined at trial; and

B.     An order enjoining Defendant DOE from failing to perform its contractual obligations under the EPPs and compelling DOE to comply with its obligations under the EPPs including the Pension Fund's attachment requests and requiring that each DOE Contractor sign a Participation Agreement; and

C.     The Court's retention of jurisdiction of this case pending compliance with its Orders, and

D.     The grant of such other and further relief as the Court deems just and proper.

Dated: December 19, 2014
      West Hempstead, N.Y.                Respectfully submitted,

                                     /s/ Owen M. Rumelt
                                    Barry S. Slevin, Esq.
                                    Jeffrey S. Swyers, Esq.*
                                    Owen M. Rumelt, Esq.
                                    SLEVIN & HART, P.C.
                                    Attorneys for Plaintiffs
                                    614 Hempstead Gardens Drive
                                    West Hempstead, NY 11552
                                    (516) 203-7570

                                          -and-

                                    1625 Massachusetts Avenue N.W., Ste. 450
                                    Washington D.C. 20036
                                    (202) 797-8700
                                    (202) 234-8231 (fax)
                                    bslevin@slevinhart.com
                                    jswyers@slevinhart.com
                                    orumelt@slevinhart.com

                                    *Pro Hac Vice application forthcoming

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20212698v1