# EXHIBIT "E"

ATTACHMENT A

REQUEST FOR AUTHORIZATION
AND REQUEST FOR AUTHORIZATION—PUBLIC NOTICE OF AWARD



**Department of Education**
Dennis M. Walcott, Chancellor

## DECLARATION PURSUANT TO EDUCATION LAW §§ 2590-g(9) and 2590-h(36)

I, Dennis M. Walcott, Chancellor of the New York City Department of Education ("DOE"), pursuant to Section 2590-g(9) and Section 2590-h(36) of the New York State Education Law, do hereby determine that immediate implementation of the contracts set forth below for school bus pupil transportation services for school-aged pupils who receive general busing and school-aged pupils with disabilities who require special busing with replacement contractors is necessary for the preservation of the health, safety, and general welfare of students and the school system as a whole. This emergency declaration shall be effective as of January 1, 2014, and remain in effect for thirty (30) days from January 1, 2014, with an automatic renewal for a final thirty (30) days, or until one or more permanent replacements of the school bus service shall have occurred, whichever comes first.

An emergency has arisen as a result of the filing, on November 5, 2013, by Amboy Bus Company, Inc., Staten Island Bus, Inc., and Atlantic Queens Bus Corporation (together with many affiliated entities including, but not limited to, Atlantic Escorts, Inc., a subcontractor of the said school bus contractors) ("Bankrupt Contractors"), of a voluntary petition with the U.S. Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") commencing bankruptcy cases under Chapter 11 of the U.S. Bankruptcy Code, which bankruptcy cases are being jointly administered under Case No. 13-13591 (collectively, "Bankruptcy Cases"). The Bankruptcy Court entered an order dated November 22, 2013 ("Bidding Procedures Order"), authorizing the Bankrupt Contractors to, among other things, attempt to find a party or parties, through an auction sale process, to whom the Bankrupt Contractors' school bus contracts with BOE may be assigned with the consent of BOE, which consent is required at law, in the aforesaid contracts and by the Bidding Procedures Order. The Bankrupt Contractors have stated that the NYCDOE should make preparations to provide substitute bus service in the event such aforesaid contracts are not assumed and assigned as part of the auction sale process. The Bankrupt Contractors have expressed their inability to continue to perform, and their intention, as of December 31, 2013, to cease to perform any and all of their obligations under the aforesaid contracts.

Accordingly, the Chief Executive for School Support Services declared an emergency procurement to provide for the procurement of contracts with replacement contractors for the purposes of engaging replacement school bus service operators at an estimated contract value of $24,735,882.72 for a period of approximately one (1) month of service with an option for the DOE to renew for one (1) month at the separate cost of the same estimated contract value.

Recognizing that emergency circumstances will sometimes require the DOE to act before there has been enough time to circulate a proposed action for comment, and before the Panel has an opportunity to vote on a matter, Section 2590-g(9) of the Education Law authorizes me to take action on an emergency basis, upon my determination that "immediate adoption of any item requiring [the Panel's] approval is necessary for the preservation of student health, safety, or general welfare" and that compliance with provisions relating to public comment and the Panel's approval would be contrary to the public interest. In

accordance with this provision, I have determined that it is necessary to adopt the contract described herein prior to Panel approval.

Also recognizing that emergency circumstances will sometimes require the DOE to act before there has been enough time to file a contract(s) with the Comptroller of the City of New York and for the said Comptroller to register the contract(s), Section 2590-h(36)(a)(x) of the Education Law authorizes me to create "a process for emergency procurement in the case of an unforeseen danger to life, safety, property or a necessary service provided that such procurement shall be made with such competition as is practicable under the circumstances and that a written determination of the basis for the emergency procurement shall be required and filed with the comptroller of the city of New York when such emergency contract is filed with such comptroller." Furthermore, Section 2590-h(36)(e) provides that "[t]he requirements of paragraphs (c) and (d) of this subdivision [requiring registration of contracts by the Comptroller of the City of New York] shall not apply to an emergency contract awarded pursuant to subparagraph (x) of paragraph (a) of this subdivision, provided that the chancellor shall comply with the requirements of paragraphs (c) and (d) of this subdivision as soon as practicable." In accordance with these provisions, I have determined that it is necessary to implement the contracts described herein prior to registration by the New York City Comptroller.

Pursuant to Section 2590-g(9) and Section 2590-h(36)(a)(x) and (e) of the Education Law, I hereby determine that the contracts identified herein must be implemented immediately to ensure the continued provision of school bus service to students, and thus to ensure the provision of a necessary service and to preserve the health, safety, and general welfare of the students and school system as a whole.

Dated: December 19, 2013

_____
Dennis M. Walcott

2