UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIVISION 1181 AMALGAMATED TRANSIT UNION – NEW YORK EMPLOYEES PENSION FUND and its BOARD OF TRUSTEES,<br><br>Plaintiffs,<br><br>v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, JOFAZ TRANSPORTATION, INC., ALLIED TRANSIT CORP., PRIDE TRANSPORTATION SERVICES, INC., and QUALITY TRANSPORTATION CORP.,<br><br>Defendants. | Case No.: 14-CV-7405(ERK)(SMG) |

**RESPONSE TO SUR-REPLY AND IN FURTHER SUPPORT OF DEFENDANTS JOFAZ TRANSPORTATION, INC. AND ALLIED TRANSIT CORP.'S <u>MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT</u>**

**MILMAN LABUDA LAW GROUP PLLC**

Richard I. Milman, Esq.
Netanel Newberger, Esq.
*Attorneys for Defendants Jofaz Transportation, Inc. and Allied Transit Corp.*
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Tel: (516) 328-8899
Fax: (516) 328-0082

i

**PRELIMINARY STATEMENT**

Pursuant to the Court's Order dated May 24, 2019, Defendants Jofaz Transportation, Inc. ("Jofaz") and Allied Transit Corp. ("Allied") (collectively, "Defendants") respectfully submit this response to the Sur-Reply by Plaintiffs Division 1181 Amalgamated Transit Union – New York Employees Pension Fund and its Board of Trustees ("Plaintiffs" or "the Fund").[1]

**ARGUMENT**

**I.    The Fund Does Not Have Standing**

It is beyond dispute that the Fund completely failed to address in its Opposition that Jofaz and Allied had moved to dismiss the First Amended Complaint ("Complaint") pursuant to Rule 12(b)(1), and not only pursuant to Rule 12(b)(6).  Now, in its Sur-Reply, the Fund lamely argues that "Plaintiffs understand that Jofaz and Allied's subject matter jurisdiction argument is with respect to standing, which arguably implicates 12(b)(1)."[2]  (Sur-Reply p. 1.)

However, the Fund's assumption is incorrect and baseless.  In fact, the entire motion to dismiss was made pursuant to both Rules 12(b)(1) and 12(b)(6) (see Preliminary Statement of the October 12, 2018 Memorandum of Law), not just the standing argument.[3]  The motion to dismiss maintains that the Fund does not have any valid ERISA claims.  Since the ERISA statutes are the Fund's purported basis for subject matter jurisdiction in this matter (see Complaint § 1), dismissal of the ERISA causes of action will deprive the Court of subject matter jurisdiction.

---

[1] In much of the Sur-Reply, the Fund repeats various arguments made in its Opposition; indeed, this begs the question as to its need for a Sur-Reply.  Due to the page limit for this response, Jofaz and Allied are unable to respond to each argument in the Sur-Reply, but do not concede any arguments not specifically identified herein.

[2] Even if Jofaz and Allied's subject matter jurisdiction argument under Rule 12(b)(1) was limited to the standing argument (which it is not), this still does not account for the utter failure of the Fund's Opposition to address that Jofaz and Allied also sought dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

[3] When a court is faced with a motion to dismiss pursuant to both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), as in this case, it should "decide the 'jurisdictional question [under Rule 12(b)(1)] first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" Tirone v. N.Y. Stock Exch., Inc., 2007 U.S. Dist. LEXIS 54255, at *3 (S.D.N.Y. July 27, 2007) (citations omitted).

Moreover, the Fund argues that Jofaz and Allied cannot rely upon extrinsic evidence in a Rule 12(b)(1) lack of standing argument. (Sur-Reply pp. 2-3.) However, this is directly contradicted by applicable case law. See, e.g., Reyes v. Sofia Fabulous Pizza Corp., 2014 U.S. Dist. LEXIS 188734 at *6 (S.D.N.Y. April 7, 2014), citing Scherer v. Equitable Life Assurance Society of the United States, 347 F.3d 394, 401 (2d Cir. 2003) ("a court may consider extrinsic evidence when evaluating a motion to dismiss under Rule 12(b)(1) for lack of standing").[4]

Further, the Fund states that "the only reasonable interpretation of the evidence that Jofaz and Allied submitted is that the Fund *is* an intended beneficiary of the EPP and, therefore, Plaintiffs have standing." (Sur-Reply p. 4.) However, even if a third party is specifically named in a contract, that party does not necessarily become a third-party beneficiary. See Newmark & Co. Real Estate, Inc. v. GCJ Holdings LLC, 87 A.D.3d 454, 455 (1st Dep't 2011). Rather, the agreement as a whole must be intended to benefit the third party in order for that party to be a third-party beneficiary. In this case, the agreement as a whole was not for the Fund's benefit, as it was a contract between Jofaz or Allied and the DOE to memorialize their acceptance of certain bus routes on an emergency basis. See Declaration of Richard I. Milman dated October 12, 2018 ("Milman Dec."), Ex. C, D.

Additionally, the Fund argues that "Jofaz and Allied have certainly not submitted any evidence clearly proving that the Fund is *not* an intended third-party beneficiary of the EPP" and that discovery is needed. (Sur-Reply pp. 5-6.) This is incorrect. The requisite intent to confer a benefit directly upon the third person must clearly appear on the face of the agreement. New York State Energy Research & Dev. Authority v. Nuclear Fuel Services, Inc., 561 F. Supp. 954, 979

---

[4] In footnote no. 3 in the Sur-Reply, the Fund cites cases for the proposition that a standard of review cannot be waived by the parties. However, all of these cases are completely inapposite, as they refer to the standard of review on appeal by the Court of Appeals of a district court's decision, not the standard of review of a 12(b)(1) or 12(b)(6) motion.

2

(W.D.N.Y. 1983).  Here, a review of the EPP "enforcement provision" does not indicate an intent to designate Local 1181 or the Fund as a specific beneficiary.  See Milman Dec., Ex. B.

Finally, the Fund argues that "it is the EPP- and not a CBA with Local 1181- that creates the contribution obligation."  (Sur-Reply p. 6.)  In fact, this statement supports what Jofaz and Allied have been arguing throughout the motion, which is that the Fund has no ERISA claims, as the EPP is not a CBA or plan document within the meaning of ERISA.  At most, the Fund merely has a breach of contract claim, which it should have brought against Defendants in state court.

**II.    The Court Should Reject the Fund's Arguments as to the Second Circuit's Decision**

The Fund makes several misleading arguments in the Sur-Reply concerning a Second Circuit decision, Div. 1181 A.T.U. - N.Y. Emples. Pension Fund v. City of New York Dep't of Educ., 910 F.3d 608, 617-618 (2d Cir. 2018) ("Second Circuit Decision") that also involved the Fund, the DOE and the EPP, and which found the DOE not to be a single employer, joint employer, or alter ego of the Contractors, and that the DOE had no obligation to contribute to the Fund.

First, the Fund states that the Court should not consider Jofaz and Allied's arguments regarding the Second Circuit Decision because they did not raise those arguments until the Reply. (Sur-Reply p. 9.)  However, when Jofaz and Allied first moved to dismiss, that decision had not yet been issued.  Moreover, the Fund's argument must in any event be rejected, since Jofaz and Allied's October 12, 2018 Memorandum of Law (p. 26) cited to the underlying Southern District decision that was appealed and ultimately affirmed by the Second Circuit Decision.  See Div. 1181 Amalgamated Transit Union - New York Employees Pension Fund v. New York City Dep't of Educ., 2017 U.S. Dist. LEXIS 139882 (S.D.N.Y. Aug. 30, 2017).

Second, the Fund states that Jofaz and Allied's citation to the Second Circuit Decision for the proposition that a non-signatory to a CBA generally has no obligation to contribute to a pension

3

fund is a "fundamental misreading of the decision." (Sur-Reply p. 10.) However, the Fund's arguments are contravened by the actual language in the Second Circuit Decision: "the Fund has failed to explain how the Contractors' CBAs here bind or create any obligations enforceable against the DOE, a non-signatory." Div. 1181 A.T.U. - N.Y. Emples. Pension Fund, 910 F.3d at 615. Further, it is disingenuous for the Fund to argue in the instant action that the DOE intended to benefit the Fund through the transportation contracts that the DOE entered into with contractors such as Jofaz and Allied, when the Second Circuit Decision had already found that the DOE had no obligation to contribute to the Fund.

Finally, the Fund argues that the Second Circuit Decision has no impact on the Fund's claim for co-fiduciary liability under ERISA against Jofaz and Allied. (Sur-Reply p. 11.) However, the Fund's co-fiduciary liability claim alleges that the DOE, Jofaz and Allied are co-fiduciaries (Complaint, §§ 187-188); the Fund has failed to explain how the DOE could be a co-fiduciary, given the Second Circuit decision that the DOE is not a single employer, joint employer, or alter ego of the Contractors, and that the DOE had no obligation to contribute to the Fund.

### III. The Court Should Reject the Fund's Remaining Arguments

The Fund argues that Jofaz and Allied breached their Contracts with the DOE by failing to sign a Participation Agreement with the Fund. (Sur-Reply p. 12.) However, this is circular reasoning, given that an employer's duty to contribute is triggered only if there is a valid plan or collectively bargained agreement (CBA) that contains a promise by the employer to contribute to the plan. Sciascia v. Rochdale Vill., Inc., 851 F. Supp. 2d 460 (E.D.N.Y. 2012) (citing Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 313 (2d Cir. 1990)). As detailed in Jofaz and Allied's original papers, the EPP allegedly contained in Jofaz and Allied's Emergency Contracts is not a valid plan or CBA that would trigger an obligation under ERISA to contribute to the Fund.

4

As such, the only other way for Jofaz and Allied to become obligated to contribute to the Fund was to sign a Participation Agreement, which they had no obligation to do, and indeed did not do.

The Fund attacks the relevance of a letter from the President of Local 1181[5] and the Fund's Summary Plan Description ("SPD"), both of which Jofaz and Allied included in their original moving papers. (Sur-Reply pp. 13-14.) See Milman Dec., Ex. G, H. Preliminarily, the Fund completely failed to address in its Opposition either of these documents, and the Court should therefore reject these arguments (the Fund's omissions are clearly noted on pages 10-11, 14-15 of the Reply). In any event, the letter is relevant, as it is strong evidence that Local 1181 (to which the Fund is affiliated) did not originally believe that Jofaz, Allied and the other contractors who took over Atlantic Express's routes should be obligated to remit contributions to the Fund. Moreover, the SPD is also relevant because it summarizes the terms of the Fund's plan (and does not reference the EPP), and the Fund maintains that Jofaz and Allied have an obligation to contribute based on the Fund's Plan document. Finally, it is clear that courts consider SPD's as setting forth the terms of an ERISA plan (unlike the EPP). See Silverman v. Teamsters Local 210 Affiliated Health and Ins. Fund, 761 F.3d 277, 286-87 (2d Cir. 2014).

The Fund argues that it offered opposition to Jofaz and Allied's argument that the EPP is not a CBA. (Sur-Reply p. 14.) However, the Fund's Opposition merely cited to the Complaint's allegations, and did not respond in any way to the specific arguments made by Jofaz and Allied in their initial papers. Moreover, to clarify, Jofaz and Allied maintained in the Reply that there was no legitimate dispute concerning the Fund's contention that the EPP is a plan document.

---

[5] Contrary to the Fund's allegation, the letter is admissible. First, Jofaz and Allied moved to dismiss under Rule 12(b)(1), which permits consideration of extrinsic evidence. State Emps. Bargaining Agent Coal, v. Rowland, 494 F.3d 71, 77 n.4 (2d Cir. 2007). Moreover, the letter is admissible under Rule 12(b)(6), as it is a document which the Fund has knowledge of and relied on in framing the complaint. Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).

5

The Fund maintains that Jofaz and Allied "fundamentally misread" the EPP, and that "the Fund's claim is with respect to those Jofaz and Allied employees *who do participate in the Fund*." (Sur-Reply pp. 14-15.) However, the Fund misses the point. Because Jofaz and Allied are signatories to a CBA with Local 553 and make contributions to the Local 854 Pension Fund, then all of their employees do not (and cannot) participate or continue to participate in the Fund. Otherwise, Jofaz and Allied would have to pay contributions to two (2) different pensions plans which is absurd, impractical and prohibited by law, as detailed in their prior moving papers.

Finally, the Fund claims that it adequately pled Count XIV of the Complaint (ERISA Non-Fiduciary Liability). (Sur-Reply p. 15.) However, the Complaint does not satisfy the standard articulated in <u>Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.</u>, 530 U.S. 238, 251 (2000) ("actual or constructive knowledge of the circumstances that rendered the transaction unlawful"). Here, the Complaint merely alleged that Jofaz and Allied "knowingly participated in these prohibited transactions"; this does not mean that they had actual or constructive knowledge that the transactions were prohibited.

As such, for all of the reasons set forth herein, Defendants respectfully request that Plaintiffs' Complaint be dismissed in its entirety.

Dated: May 31, 2019
      Lake Success, New York

                                            **MILMAN LABUDA LAW GROUP PLLC**

                                            <u>/s/ Richard I. Milman, Esq.</u>
                                            Richard I. Milman, Esq.
                                            Netanel Newberger, Esq.
                                            *Attorneys for Defendants Jofaz Transportation, Inc.*
                                            *and Allied Transit Corp.*
                                            3000 Marcus Avenue, Suite 3W8
                                            Lake Success, New York 11042
                                            Tel: (516) 328-8899
                                            Fax: (516) 328-0082